NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>        *Plaintiff*,<br><br>v.<br><br>JEANINE BURGESS,<br><br>        *Defendant*. | Civil Action No. 16-4011<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

### I.   INTRODUCTION

This matter comes before the Court on Plaintiff's (the "United States" or the "Government") unopposed motion for default judgment against Defendant Jeanine Burgess under Fed. R. Civ. P. 55(b). D.E. 6. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is granted.

### II.   FACTS AND PROCEDURAL HISTORY

Through this action, the Government seeks, pursuant to Internal Revenue Code ("IRC") Sections 7407, 7408, and 7402(a), to permanently enjoin Defendant from, among other things,

1

preparing and filing others' federal tax returns. The Government alleges that Burgess, who is an income tax preparer within the meaning of IRC Section 7701(a)(36) (Compl. ¶ 4, D.E. 1), falsified tax returns in a manner that understated tax liabilities and resulted in claims for inflated tax returns for clients. Specifically, the Government alleges that Burgess prepared and filed tax returns that claimed (1) false Schedule C businesses and business income, expenses and losses (*id.* ¶¶ 33-40); (2) deductions for dependents who were not in fact dependents of the filer (*id.* ¶¶ 41-46); (3) false Education Credits and the American Opportunity Credits (*id.* ¶¶ 47-53); and (4) charitable contributions and unreimburseable employee business expenses (*id.* ¶¶ 54-56).

For the 2009 through 2011 tax filing seasons, Burgess personally prepared more than one thousand returns through her tax preparation business Seven Professional Associates ("Seven Professional"). *Id.* ¶¶ 9, 12-15. Burgess operated Seven Professional, which was located in East Orange, New Jersey, as a partnership with non-party Bertha Cajuste. *Id.* ¶ 9. Plaintiff, however, "was listed as the principal, responsible official, and primary contact" on the Seven Professional electronic filing number ("EFIN"). *Id.* ¶ 10. In December 2011, Burgess was subjected to an Earned Income Tax Credit ("EITC") Due Diligence audit. *Id.* ¶ 25. Through the audit, the Internal Revenue Service ("IRS") reviewed 77 federal income tax returns that Burgess prepared, and assessed preparer penalties totaling $11,500 for all 77 returns.[1] The IRS auditor determined that twelve of the returns inappropriately reported profits or losses for Schedule C businesses, and that

---

[1] Preparers who claim the EITC are required to comply with additional due diligence requirements such as asking specific questions about the filer's eligibility for the EITC and keeping copies of the worksheet that shows how the credit was computed. Many of the preparer penalties appear related to deficiencies concerning these additional requirements. Compl. ¶¶ 26, 30.

Burgess failed to make proper inquires about whether the filers actually had dependents. *Id.* ¶¶ 27-31. Burgess left Seven Professional at the end of the 2011 tax season. *Id.* ¶ 17.

Despite the result of the audit, Burgess continued to prepare fraudulent returns. In 2013, Burgess started BJ's Tax Services. Burgess was the only tax preparer at the firm and filed 224 federal tax returns using Seven Professional's EFIN.[2] *Id.* ¶¶ 19-22. In addition, Burgess repeatedly used false Professional Preparer Tax Identification Numbers ("PTINS") or PTINS that were assigned to other preparers. *Id.* ¶¶ 57-59. Because Burgess used false PTINS, the IRS cannot accurately determine the number of returns that Burgess actually prepared. IRS records, however, indicate that Burgess prepared and filed at least 1,746 federal tax returns during the 2009-2014 tax filing seasons. *Id.* ¶¶ 59-60. The IRS audited 89 of these returns and determined that 87 resulted in a tax deficiency, totaling approximately $454,000. *Id.* ¶ 61.

The Government filed its complaint against Burgess on July 1, 2016, and filed an affidavit of service on July 27, 2016, indicating that Burgess was personally served on July 20, 2016. D.E. 3. Defendant failed to answer, move, or otherwise respond to the complaint. As a result, on September 20, 2016, default was entered against Burgess for failure to plead or otherwise defend.[3] D.E. 5. On October 13, 2016, Plaintiff filed this motion for default judgment pursuant to Rule 55(b).[4] D.E. 6.

---

[2] BJ's Tax Services was located in Newark, New Jersey. Compl. ¶ 19.

[3] Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

[4] Plaintiff's certification of service, which was filed with this motion, indicates that Plaintiff mailed

3

### III.   LAW AND ANALYSIS

#### A. Standard of Review

"The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.*; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

#### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2

---

a copy of this motion to Burgess on October 13, 2016. D.E. 6.

(D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

In this case, the United States is the plaintiff. As a result, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345. In addition, this matter addresses multiple provisions of the IRC. Consequently, the Court also has jurisdiction under 28 U.S.C. § 1340. Finally, Section 7402 of the IRC provides that district courts "shall have such jurisdiction to make and issue in civil actions . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Therefore, the Court also has subject matter jurisdiction over the action pursuant to Section 7402(a).

The Court also has personal jurisdiction over Defendant. Burgess resides in Kings County, New York (Compl. ¶ 4), and the affidavit of service indicates that she was personally served with the summons and complaint in Brooklyn. D.E. 3. Burgess, however, owned two business in New Jersey and prepared more than one thousand tax returns through these businesses. Compl. ¶¶ 9-15, 19-21. As a result, the Court concludes that Burgess "purposefully directed" her activities at residents of New Jersey such that the Court has specific jurisdiction over Defendant. *See Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 180 (D.N.J. 2016) ("Specific jurisdiction over a defendant exists when that defendant has 'purposefully directed his activities at residents of the forum and the litigation results from the alleged injuries that arise out of or relate to those activities.'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985))). In addition, Sections 7407 and 7408 of the IRC permit the United States to bring suit in the district in which the individual has her principal place of business. 26 U.S.C. §§ 7407(a), 7408(a). Section 7408

5

also permits the United States to bring suit where the individual "has engaged in specified conduct." § 7408(a).

### C. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. Here, the Government states three causes of action alleging that Defendant violated IRC Sections 7407, 7408, and 7402(a), respectively. The Court will address each section in turn.

First, Section 7407 authorizes the United States to bring a civil action to enjoin a tax return preparer[5] who "engage[s] in any conduct subject to penalty under section 6694 or 6695 . . . [or] any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws" and if "injunctive relief is appropriate to prevent the recurrence of such conduct." 26 U.S.C. § 7407(b). Burgess is a tax return preparer who engaged in conduct prohibited by Section 7407. For example, even after Burgess was assessed preparer penalties through the EITC audit, she continued to prepare returns that "understate[d] her customers' correct tax liabilities by fabricating dependents, Schedule C businesses, expenses, tax credits, and charitable contributions, and inappropriately claiming head of household status." Plf's Br. at 8 (citing Compl. ¶¶ 25, 28-30, 33-59, 70). This conduct violates Section 6694, which penalizes a preparer who willfully attempts "to understate the liability for tax on the return or

---

[5] A tax return preparer is "any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax imposed by this title or any claim for refund of tax imposed by this title." 26 U.S.C. § 7701(a)(36).

6

claim" or has a "reckless or intentional disregard of rules or regulations." 26 U.S.C. § 6694(b)(2). Moreover, injunctive relief is appropriate because Burgess "has been undeterred by tax preparer penalties assessed by the IRS in the course of an EITC Audit and has continued to engage in the conduct for which she was assessed penalties." Plf's Br. at 9; *see also United States v. Franchi*, 756 F. Supp. 889, 893 (W.D. Pa. 1991) ("In an action for a statutory injunction, once a violation has been demonstrated, the moving party need only show that there is a reasonable likelihood of future violations in order to obtain relief." (citing *United States v. Kaun*, 827 F.2d 1144, 1148 (7th Cir. 1987))). As a result, the Government states a sufficient claim for relief under Section 7407.

Next, "[t]o grant an injunction pursuant to § 7408, the court must find that (1) defendant engaged in prohibited conduct under § 7408(c), and (2) injunctive relief is appropriate to prevent the recurrence of such conduct." *United States v. Majette*, No. 13-7238, 2014 WL 5846092, at *2 (D.N.J. Nov. 12, 2014) (citing *United States v. James*, No. 11-913, 2011 WL 1422894, at *1 (E.D. Pa. Apr. 13, 2011)). Prohibited conduct includes "any action, or failure to take action which is subject to penalty under section 6700, 6701, 6707, or 6708." 26 U.S.C. § 7408(c). Section 6701 imposes a penalty on any person (1) who aids or assists with the preparation of a return, (2) "who knows (or has reason to believe) that such portion will be used in connection with any material arising under the internal revenue laws, and (3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person." 26 U.S.C. § 6701(a). The Government alleges that Burgess prepared federal tax returns for clients that she knew understated their tax liabilities. In addition, Plaintiff was informed that this conduct was inappropriate through the EITC audit yet continued to file similar false returns. Compl. ¶¶ 25-32. Consequently, Burgess

is subject to penalty under Section 6701. And as discussed, injunctive relief is appropriate because Defendant continued to file false returns even after preparer penalties for the same conduct were assessed against her. Therefore, the Government states a sufficient claim for relief under Section 7408. *See, e.g.*, *Majette*, 2014 5846092, at *2.

Finally, "Section 7402 broadly authorizes injunctions 'as may be necessary or appropriate for the enforcement of the internal revenue laws.'" *Id.* (quoting 26 U.S.C. § 7402(a)). The Government alleges that Burgess "engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, namely, the preparation and filing of federal income tax returns that understate her customers' correct federal income tax liabilities." Compl. ¶ 83. The Government also alleges that Defendant's conduct is causing irreparable injury by depriving the United States of its lawful tax revenue. *Id.* ¶ 85. The Court, therefore, concludes that this is a sufficient basis upon which to enter an injunction pursuant to Section 7402(a). *See, e.g.*, *United States v. Morrison*, No. 14-8456, 2016 WL 6988900, at *2 (S.D.N.Y. Sept. 23, 2016) ("Defendant . . . is subject to an injunction under 26 U.S.C. § 7402(a) because he has repeatedly engaged in conduct that substantially interferes with the administration of the internal revenue laws.").

Thus, the complaint states three valid claims.

### D. Damages

Plaintiff seeks for the Court to preliminarily enjoin Defendant, "individually and doing business as Seven in One Professional Associates and BJ's Tax Service or under any other name or using any other entity" from preparing or assisting in the preparation of tax returns altogether and enjoining her from acting as an income tax preparer. Compl. ¶ F. As discussed, the complaint

alleges facts that satisfy the statutory requirements, as set forth in IRC Sections 7402, 7407, and 7408, for injunctive relief. However, despite the Government's argument that the Court only needs to consider these statutory factors to issue an injunction (Plf's Br. at 11-12), the Court will also consider the traditional equitable factors for granting injunctive relief. *See, e.g., Majette*, 2014 WL 5846092, at \*3 (applying equitable factors to determine whether injunctive relief was appropriate due to defendant's violation of multiple provisions of the IRC); *James*, 2011 WL 1422894, at \*2 ("[U]nless a statute explicitly provides to the contrary, district courts must consider the traditional equitable standard when deciding to grant equitable relief.").

The equitable factors require that the Court to consider: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009) (quoting *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356-57 (3d Cir. 2007)). The Court concludes that Plaintiff is likely to succeed on the merits due to the large number of fraudulent returns uncovered by the Government and the complete lack of any evidence that would serve to excuse or defend Plaintiff's conduct. *See, e.g., Majette*, 2014 WL 5846092, at \*3 (concluding that there was a likelihood of success on the merits due to the large volume of fraudulent tax returns filed). In addition, the United States will suffer irreparable harm without injunctive relief. The Government's proofs demonstrate that Burgess' conduct has caused almost $500,000 in lost tax revenue, and such losses will grow if Burgess continues to prepare fraudulent returns. *See, e.g., id.* (irreparable harm found

9

where tax preparer caused $3 million loss to the United States and nothing prevented defendant from continuing to prepare tax returns); *James*, 2011 WL 1422892, at *9 (irreparable harm found where Government could not prevent defendant from preparing improper returns without injunctive relief). Moreover, because Burgess uses false PTINS or PTINS assigned to other preparers, the United States is unable to determine the full amount of its losses. Next, although an injunction would clearly harm Burgess, the balance of the harms favors the Government due to Defendant's "demonstrated ability and willingness to commit tax fraud." *Majette*, 2014 WL 5846092, at *3. Finally, the public interest factor weighs in favor of equitable relief because Burgess' conduct harmed not only the United States as a whole due to lost tax revenue, but each individual client for which Burgess prepared a fraudulent return. *Id.*

In conclusion, the statutory and equitable factors both demonstrate that equitable relief is appropriate here.

### E. Default Judgment Factors

Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc.*, 2015 WL 6673839, at *1.

Here, all three factors weigh in favor of entering default judgment. First, without a default judgment, Plaintiff has no other means of seeking relief for the harm allegedly caused by Defendant. Because Plaintiff failed to respond the complaint, the Government cannot vindicate its claims against Burgess or prevent further wrongful conduct. *See United States v. Chandler*,

10

No. 15-8537, 2017 WL 101307, at *3 (D.N.J. Jan. 10, 2017). Next, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Indeed, she has failed to respond in any manner. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Lastly, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on her part. *See Chandler*, 2017 WL 101307, at *3. As a result, the Court finds that default judgment is warranted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is granted. An appropriate order accompanies this opinion.

Dated: January 24, 2017

_____
John Michael Vazquez, U.S.D.J.

11